## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **EFRAIN VELEZ,** | ) | |
| | ) | **No. 13 CV 5045** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Magistrate Judge Young B. Kim** |
| | ) | |
| **MENARD, INC.,** | ) | |
| | ) | **October 24, 2014** |
| **Defendant.** | ) | |

### MEMORANDUM OPINION and ORDER

On June 7, 2013, Efrain Velez filed a personal injury action against Menard,
Inc. ("Menard's") in the Circuit Court of Cook County, Illinois. On July 15, 2013,
Menard's, a Wisconsin corporation with a principal place of business in Wisconsin,
removed the matter to this court. (R. 1, Notice of Removal ¶¶ 1-4.) Velez alleges in
this premises liability action that Menard's negligently caused him to be injured
when he fell while sitting on a motorized bicycle on display. The parties have
consented to this court's jurisdiction. *See* 28 U.S.C. § 636(c); (R. 9). Before the court
is Menard's's motion for summary judgment. For the following reasons, the motion
is denied:

### Facts

The undisputed material facts of this case are straightforward. On June 18,
2011, Velez entered a Menard's store located at 4501 West North Avenue in

Chicago, Illinois. (R. 30-7, Pl.'s Fact Resp. ¶ 3.)[1]  While inside, Velez noticed a motorized bicycle (the "bike") mounted on a raised metal display platform.  (Id. ¶ 4.) The display platform stood approximately six inches above the floor and was decorated with black carpet and white tapes to resemble a roadway surface.  (R. 32, Def.'s Fact Resp. ¶ 12.)  The store's general manager, Jeff Jensen, testified during his deposition that the bike was not a typical product offered for sale at Menard's and that it was a "special buy."  (Id. ¶ 11.)  Metal straps looped through both the front and back wheels and were screwed into the display platform.  (Id. ¶ 13.) According to Jensen, the purpose of the metal straps was not to anchor the bike upright on the platform, but rather to prevent customers from removing the bike off the platform.  (Id. ¶ 16.)  Jensen also explained that the metal straps securing the wheels would give way if pulled "real hard."  (Id. ¶ 23.)  But Menard's did not post any warning signs or directions on or near the bike display, warning its customers that the bike was not to be mounted or removed.  (Id. ¶¶ 17, 19.)  The bike's double-sided kickstand was engaged when it was displayed on the platform.  (Id. ¶ 15.)

Intrigued by the bike, Velez stepped onto the platform and seated himself on the bike.  Velez started to squeeze the handbrakes but was otherwise still while on the bike.  (Id. ¶ 7.)  Moments later, both Velez and the bike fell to the floor.  Because

---

[1]  Menard's's L.R. 56.1(a)(3) Statement of Material Facts is cited as "Def.'s Facts ¶ __."  Velez's L.R. 56.1(b)(3)(B) Response to Defendant's Statement of Material Facts is cited as "Pl.'s Fact Resp. ¶ __."  Velez's L.R. 56.1(b)(3)(C) Statement of Additional Facts is cited as "Pl.'s Facts ¶ __."  Menard's's L.R. 56.1(b)(3)(C) Response to Velez's Statement of Additional Facts is cited as "Def.'s Fact Resp. ¶ __."

the bike landed on top of Velez, he was unable to free himself without assistance. (Id. ¶ 8.)  Velez attributes various personal injuries to this fall.  Jensen noticed that one of the metal straps was not "properly secured" upon inspection after Velez's fall.[2]  (R. 30-7, Pl.'s Facts ¶ 21.)  But it is unclear whether the metal strap was loose before Velez mounted the bike or whether it became disconnected from the display platform as a result of the fall.

## Analysis

Summary judgment is proper where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In order to survive a summary judgment motion, "a nonmovant must be able to show that a reasonable jury could return a verdict in [his] favor."  *Benuzzi v. Board of Educ. of City of Chi.*, 647 F.3d 652, 662 (7th Cir. 2011).  Although the evidence is viewed in the light most favorable to the nonmovant, "'the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial.'"  *Armato v. Grounds*, 766 F.3d 713, 719 (7th Cir. 2014) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

---

[2]  Menard's disputes Velez's assertion relating to the metal strap because "[t]he photographs that Mr. Jensen is testifying to at this citation were not properly authenticated."  (R. 32, Def.'s Fact Resp. ¶ 21.)  In particular, Menard's argues that "Mr. Jensen never testified that the photographs were true and accurate depictions of the bicycle on the date of the accident."  (Id.)  This foundation objection is overruled because Menard's does not dispute the accuracy of the subject photographs or Jensen's testimony.  Menard's fails to provide sufficient information for the court to infer that Velez should have established proper foundation for the subject photographs at Jensen's deposition.

"Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.*

Because this is a diversity action, the task of the court is "'to ascertain the substantive content of state law as it either has been determined by the highest court of the state or as it would be by that court if the present case were before it now.'" *Swearingen v. Momentive Specialty Chems., Inc.*, 662 F.3d 969, 971-72 (7th Cir. 2011) (quoting *Thomas v. H & R Block Eastern Enters.*, 630 F.3d 659, 663 (7th Cir. 2011). Neither party disputes the application of Illinois law.

Menard's argues that it is entitled to summary judgment because Velez cannot establish proximate cause. In order for Velez to succeed in his claim of premises liability under Illinois law, he must establish "the existence of a duty of care owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately caused by that breach." *Keating v. 68th & Paxton, L.L.C.*, 936 N.E.2d 1050, 1064 (Ill. App. Ct. 2010) (citing *Marshall v. Burger King Corp.*, 856 N.E.2d 1048, 1053 (Ill. 2006)). According to Menard's, this case merits summary judgment because Velez "unequivocally, repeatedly, and emphatically testified that he does not know what caused him to fall." (R. 24, Def.'s Br. at 5.)

In support of its motion, Menard's relies on several Illinois cases. First, Menard's likens this case to *Keating*. In that case, a construction worker sued for premises liability, alleging that a negligently-maintained porch railing gave way, causing him to fall while he was working. *Keating*, 936 N.E.2d at 1056. However, although the worker was actually removing sections of the railing on the day of his

injury, he could not remember if any part of the porch railing had played a role in his injury, and could not identify where he had fallen when shown a photograph of the porch. *Id.* at 1055-56. At his deposition, the worker could only recall having a hammer in his hand and hitting one picket on the railing. *Id.* at 1055. He did not remember falling and did not remember anything else until he woke up two days later in the hospital. *Id.* Put differently, the plaintiff in *Keating* failed to present any evidence that he had even interacted with the allegedly negligent condition. The *Keating* court held that summary judgment was proper because the plaintiff failed to provide any facts that established "with 'reasonable certainty' that the rail detached from the post, thereby failing to protect [him] from falling." *Id.* at 1066.

Menard's also points to *Kimbrough v. Jewel Cos., Inc.*, 416 N.E.2d 328 (Ill. App. Ct. 1981), and *Monaghan v. DiPaulo Const. Co.*, 489 N.E.2d 409 (Ill. App. Ct. 1986), for the proposition that a plaintiff cannot survive a motion for summary judgment if he is unable to identify the cause of his fall. In *Kimbrough*, the plaintiff fell on a ramp while exiting the defendant's store, but was unable to identify what caused her to fall. 416 N.E.2d at 330-31. The plaintiff supposed that she slipped on grease spots, but was unsure if her foot had touched a grease spot, did not inspect the soles of her shoes to see if they were slicked by grease, and did not inspect the grease spots themselves to determine if they were even slippery. *Id.* at 331. The *Kimbrough* court affirmed the summary judgment decision explaining that the plaintiff failed to meet her burden to prove that "some condition caused the fall and that this condition was caused by the defendant." *Id.* at 332.

Similarly, the court in *Monaghan* found insufficient evidence of proximate cause because the plaintiff could not identify what caused his injuries. The plaintiff in that case was injured in a motorcycle accident and could not remember anything from the time he began driving until the time after the injury when he regained consciousness. 498 N.E.2d at 409-10. The plaintiff theorized that the accident was caused by him striking an under-construction median strip that was poorly illuminated. *Id.* at 410. The *Monaghan* court deemed this theory inadequate to prevent summary judgment. The court ruled that the plaintiff had failed to establish the requisite proximate cause because "the inferences that plaintiff did not see the strip and that his failure to see it was due to alleged breaches by [the defendant] are merely speculative in nature." *Id.* at 411.

Additionally, Menard's compares Velez's case to two other cases, *Kellman v. Twin Orchard Country Club*, 560 N.E.2d 888 (Ill. App. Ct. 1990), and *Majetich v. P.T. Ferro Const. Co.*, 906 N.E.2d 713 (Ill. App. Ct. 2009). In *Kellman*, the plaintiff brought a wrongful death lawsuit against a country club. The *Kellman* plaintiff posited that the decedent had slipped and sustained fatal injuries while standing in the defendant's shower basin because the shower stall was unreasonably dangerous. *Id.* at 890. In opposition, the defendant offered evidence that the plaintiff was unsteady on his feet and required assistance to even reach the shower. *Id.* at 893. There were no witnesses to the incident who could testify as to whether the shower basin or the decedent caused the fall. *Id.* at 891. The *Kellman* court held that "the

circumstantial evidence . . . does not establish with reasonable certainty that decedent's injury was the proximate result of defendant's negligence." *Id.* at 892.

The *Majetich* plaintiff's decedent fell in a parking lot and died from head injuries. 906 N.E.2d at 715. There were no witnesses to the incident. The *Majetich* court, citing *Kimbrough* and *Kellman*, upheld the summary judgment decision in favor of the defendant on the basis that there was "nothing in the record from which it can be inferred that any alleged act or omission of defendants was the proximate cause of decedent's injuries." *Id.* at 720. According to the *Majetich* court, "proper inference cannot be based on mere conjecture or speculation as to what possibly happened to cause the injury." *Id.*

Velez takes a much different view of the situation and finds his case more analogous to *Wiegman v. Hitch-Inn Post of Libertyville, Inc.*, 721 N.E.2d 614 (Ill. App. Ct. 1999), and *Bellerive v. Hilton Hotels Corp.*, 615 N.E.2d 858 (1993) (Ill. App. Ct. 1993). In *Wiegman*, the defendant moved for judgment notwithstanding the verdict arguing that the plaintiff, who did not remember slipping but who landed on a wet floor, failed to meet the proximate cause standard set out in *Kimbrough*. 721 N.E.2d at 617-18. The appellate court in *Wiegman* allowed the verdict in favor of the plaintiff to stand, noting the circumstantial evidence—that the plaintiff was lying in the water when she was discovered and that the plaintiff had not tripped—distinguished this case from *Kimbrough*. *Id.* at 625. Likewise, in *Bellerive*, the court held that the plaintiff, who surmised that she had fallen on an uneven stair because the stair felt uneven as she weighted it, had a claim which should

7

survive summary judgment even though she could not say with certainty that the unevenness caused her to fall. 615 N.E.2d at 861.

Illinois courts ordinarily consider the question of proximate cause to be a question of fact that is reserved for the jury. *Radtke v. Schal-Bovis, Inc.*, 764 N.E.2d 1249, 1252 (Ill. App. Ct. 2002). Courts will only remove the question of proximate cause from the jury if "'there can be no difference in the judgment of reasonable [persons] on inferences to be drawn.'" *Id.* at 1252-53 (quoting *Bakkan v. Vondran*, 559 N.E.2d 815, 817 (Ill. App. Ct. 1990)). But plaintiffs must establish that the acts or omissions of the defendant were the cause of injury with "reasonable certainty." *Keating*, 936 N.E.2d at 1066. To do so, "[p]roximate cause may be established by inferences drawn from circumstantial evidence." *Calloway v. Bovis Lend Lease, Inc.*, 2013 IL App (1st) 112746, ¶ 77. However, proximate cause cannot be established through "speculation, surmise, or conjecture." *Keating*, 936 N.E.2d at 1066.

In the instant matter, Velez presents sufficient amount of circumstantial evidence to support a permissible inference proximate cause. In some cases, the required inference is simply too grand to be permissible, as in *Kimbrough* and *Monaghan.* In other cases, as in *Wiegman* and *Bellerive,* some level of ambiguity is tolerated if the plaintiff's evidence can establish proximate causation through "facts and circumstances which, in the light of ordinary experience, reasonably suggest that the defendant's negligence operated to produce the injury." *Keating*, 936 N.E.2d at 1066.

Here, Menard's unimaginatively assumes that because Velez cannot explain the exact physical mechanism by which he and the bike tumbled to the store floor from the display platform, that he cannot survive summary judgment. Fixating on this point, Menard's declares that Velez "presents no evidence that the allegedly unsecured metal strap caused [his] fall." (R. 31, Def.'s Reply at 1.) Yet, Menard's does not identify any authority that would require plaintiffs to account for all physical phenomena that led to their injuries in order to survive summary judgment. Even the cases Menard's relies on only require that the proximate causation inference to be drawn be reasonable and not based on conjecture. In fact, "[c]ircumstantial evidence does not need to exclude all other possible inferences or support only one logical conclusion." *Olson v. Williams All Seasons Co.*, 2012 IL App (2d) 110818, ¶ 26 (citing *Kunz v. Little Company of Mary Hosp. & Health Care Cntrs.*, 869 N.E.2d 328, 334 (Ill. App. Ct. 2007)). Unlike the plaintiff in *Keating*, Velez has direct evidence that he was interacting with the allegedly negligent condition, and Velez also presents direct evidence that he did not take an action that would have caused his fall.

At the summary judgment stage, Velez's burden is easier than Menard's makes it out to be. Notwithstanding the fact that Velez failed to provide any useful information regarding the loose metal strap (discovered only after the fall) Velez's evidence establishes that the bike display did not post any warning to customers not to mount the bike and that the wheels of the bike were strapped to the display platform. His evidence also establishes that despite not making any meaningful

movement to cause the bike to tip over he and the bike still fell to the floor. These undisputed facts are enough to raise a reasonable inference that Menard's's failure to securely display the bike proximately caused Velez's fall. Given the information gap highlighted by Menard's, it may be that Velez is responsible for the fall, either in whole or in part. But that determination relates to Velez's contributory negligence and touches on his credibility. These matters are squarely within the province of a jury.

## Conclusion

For the foregoing reasons, Menard's motion for summary judgment is denied.

**ENTER:**


_____
**Young B. Kim**
**United States Magistrate Judge**